Eastern District of Kentucky
FILED

NOV 0 8 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-49-GWU

TAYLOR WIDNER,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

INTRODUCTION

Taylor Widner brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir.  1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Widner, a 45 year-old former jackhammer worker, stocker/cleaner, and laborer with a 6th grade education, suffered from impairments related to alcohol abuse (in questionable remission), mild mental retardation, and a general anxiety disorder.  (Tr. 18, 22). Despite the plaintiff's impairments, the ALJ concluded that he retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 22).  Since the ALJ found that the claimant's past work could still be performed, he could not be considered totally disabled.  (Tr. 22-23).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security benefits.  Therefore, a remand of the action for further consideration is required.

Widner argues that the ALJ erred in concluding that he did not meet the requirements of Section 12.05(C) of the Listing of Impairments concerning mental impairments.  This Listing requires a claimant to produce:

5

A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05(C). The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05. Thus, to satisfy the requirements of Section 12.05(C), a claimant must demonstrate an IQ in the appropriate range which was manifested in the developmental period as well as another mental or physical impairment.

In the present action, the ALJ found a generalized anxiety disorder was one of Widner's "severe" impairments. (Tr. 22). Psychologist James Leisenring, an examining consultant, noted that this problem by itself would "significantly compromise" the plaintiff in his ability to respond appropriately to supervision, co-workers and work pressures. (Tr. 158). Thus, this condition provides the secondary mental or physical impairment for the Listing's purposes.

Leisenring administered IQ testing which revealed a performance IQ score of 68, a Verbal IQ score of 75 and a Full Scale IQ score of 69. (Tr. 156). Two of the examiner's scores were within Listing range and he appeared to consider the scores valid.[1] (Tr. 156). Thus, Widner needed only demonstrate that the impairment manifested itself during the developmental period prior to the age of 22 in order to meet the Listing.

---

[1]The administrative regulations provide that when more than one IQ score is derived from testing, the lowest score is to be used in assessing whether 12.05 is met. 20 C.F.R. Part 404, Subpart P, Appendix 1 Section 12.00(D).

6

The ALJ indicated in the text of his opinion that the only reason Widner was not found to meet 12.05(C) was because "there is no evidence demonstrating onset of the impairment prior to the age of 22." (Tr. 20). However, as noted by the plaintiff, Leisenring administered achievement testing which revealed that the claimant could not read even the simplest of words. (Tr. 156). The claimant testified that he completed only six grades of school by the age of 14 and had a history of failing and having to repeat several grades. (Tr. 257). This history of poor academic achievement provides at least some evidence to support the plaintiff's claim and should have been considered by the ALJ. Therefore, a remand of the action is required.

The defendant cites the opinion of Psychologist Lea Perritt, a non-examining medical reviewer, in support of the administrative decision.[2] Perritt reviewed the record and concluded that Widner did not meet the requirements of Section 12.05. (Tr. 159-172). Perritt found that the plaintiff was of borderline intelligence rather than suffering from mild mental retardation. (Tr. 163). An ALJ may rely upon the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, Perritt failed to cite any reasons for this conclusion which was contrary to the examining source. The medical reviewer did not address the IQ testing with two scores in Listing range nor does she mention the achievement testing. The ALJ himself appeared to reject Perritt's opinion since he found that mild mental retardation was a "severe" impairment in the denial decision. Therefore, the Court must reject the

---

[2]Psychologist Edward Ross also reviewed the record but he merely affirmed Perritt's opinion without articulating the reasons why his opinion differed from that of the examining source. (Tr. 179-195).

defendant's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___8___ day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8